**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT WYNTER,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) | **N⍛.** 22-cv- |
| | ) ) | |
| Plaintiff, | ) ) | **Hon. Judge** |
| | ) | **U.S. District Court Judge, Presiding** |
| v. | ) ) | |
| | ) | Hon. Judge |
| **TAILORED FOAM, INC., A NORTH CAROLINA CORPORATION** | ) ) | Magistrate Judge |
| | ) ) | |
| Defendant. | ) | ***JURY DEMAND*** |

**COMPLAINT**

NOW COMES Plaintiff, **ROBERT WYNTER,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendant, **TAILORED FOAM, INC., A NORTH CAROLINA CORPORATION** (the "Defendant"), states as follows:

## I.    NATURE OF ACTION

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*.

## II.    JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.

3.      Jurisdiction also arises through diversity of citizenship pursuant to 28 U.S.C. §1332(a). The citizenship of the Parties is completely diverse. Plaintiff is a citizen of Illinois, as are all of the putative Class members asserted to be entitled to Notice of the action. The Defendant corporation, domiciled in North Carolina, is a citizen thereof for purposes of diversity jurisdiction. Defendant is incorporated in North Carolina, transacted business in North Carolina, and maintains its headquarters and principal place of business in North Carolina.      All Parties are citizens of, domiciled and otherwise live in different states.

4.      Additionally, the amount of money in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

## III.     THE PARTIES

6.      Defendant, **TAILORED FOAM, INC.** (hereinafter referred to individually as ("TFI") is a North Carolina corporation that owns and operates an insulation installation company that  offers insulation installation services as well as damp proofing, air barriers and spray polyurethane foam for thermal, air and moisture retarding requirements on new and existing commercial structures.

7.      TFI operates in at least twenty-five (25) states in the southern and midwestern United States.

8.      TFI's listed business address is P.O. Box 4186 Hickory, North Carolina 28603.

9.     TFI is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

10.    During all relevant times, Defendant TFI was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

11.    Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Defendant and Defendant in turn responded to those communications with the authority described herein.

12.    Thus, at all times relevant hereto Defendant TFI was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

13.    Plaintiff, **ROBERT WYNTER,** is a former construction worker employee of Defendant. Plaintiff performed a variety of commercial construction duties, including installation of insulation products for Defendant's customers.

14.    Plaintiff was regularly required to work overtime hours over 40 for which he was not compensated his proper overtime rate of pay.

15.    Plaintiff was consistently required to work off the clock for certain aspects of his job, including loading and unloading of vehicles, fueling stops, and other job duties and requirements that required the vehicle to be turned off.

16.     Plaintiff was not compensated for most hours spent driving to and from work sites which were located across numerous states. Plaintiff's drive time was incurred for the benefit of the Defendant employers. Plaintiff's drive time was an essential job duty and function.

17.     For the limited drive time Plaintiff was paid for, Plaintiff was not paid regular straight time or overtime wages. Plaintiff was instead paid approximately thirty-three cents ($.33) per mile rather than a proper hourly rate of pay.

18.     As a result, Plaintiff is owed additional regular wages for drive time for which he was compensated on a mileage basis, and to the extent compensable driving time exceeded 40 hours in individual work weeks, Plaintiff is owed overtime wages.

19.     TFI forced Plaintiff to work off the clock without payment of proper regular and overtime wages.

20.     Further, Plaintiff was required to perform driving duties at a reduced rate of pay without proper regular and overtime wages.

21.     As such, Plaintiff is owed said hours at his regular rate of pay and, to the extent such hours exceeded 40 in a work week, the overtime rate of pay of one and one-half his regular rate.

22.     TFI should have compensated Plaintiff on an hourly basis for all hours worked, including drive time for which he was paid by the mile. To the extent such drive time exceeded 40 hours in a week, that time should have been paid at the applicable overtime rate of pay.

23.     Defendant required Plaintiff, and members of the Plaintiff Class, to perform substantial amounts of work off the clock and drive time, as described above, for which they did not receive their regular or overtime hourly rates of pay.

24.     Defendant's violations as alleged herein were in violation of the federal and state laws relied upon herein.

25.     All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also required to work off the clock, were improperly paid reduced mileage rates for compensable drive time and did not receive overtime premiums at a rate of one-and one-half their regular hourly rates of pay for all hours worked over 40 in individual work weeks.

26.     As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV.     **STATUTORY VIOLATIONS**

**Collective Action Under the Fair Labor Standards Act and the Portal-to-Portal Act**

27.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq* and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

28.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

29.     Plaintiff, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

30.     Plaintiff began working for Defendant as a commercial construction worker in two separate stints: from approximately November 2018 to November 2019 and again from May 2020 to April 2021.

31.     Plaintiff performed a variety of duties in support of Defendant's commercial insulation and construction business, including installation of insulation products and other general construction work.

32.     Plaintiff performed exclusively manual labor duties. Plaintiff's job sites varied frequently, often daily.  At times Plaintiff was assigned to multiple construction projects at different locations each day.

33.     All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Defendant and their management employees. Defendant managed day-to-day activities for Plaintiff and all other hourly workers.

34.     The number of days Plaintiff worked per week varied. Oftentimes, Plaintiff worked at least six (6) days per week.

35.     Given the nature of Plaintiff's job, including the long distances driven to construction sites across various states, the start and end times of Plaintiff's shifts varied daily.

36.     Plaintiff was paid various hourly rates for different types of work. Plaintiff was paid approximately $22.00 per hour for construction work at the designated construction site(s).

37.     Plaintiff was paid approximately $12.00 per hour for shop work at Defendant's shop and warehouse. This work typically included paperwork and other related functions of Plaintiff's construction job.

38.     Lastly, Plaintiff was paid $.33 per mile for drive time incurred within the scope of his employment to and from construction sites.

39.     Plaintiff almost always worked more than 40 hours per week, including many hours of compensable drive time.

40.     Plaintiff was assigned by Defendant to construction sites in numerous states including Indiana, Ohio, Michigan, Iowa, Kansas and Missouri. As such, Plaintiff and other construction workers spent significant time driving to different work sites across the midwestern United States.

41.     The drive time incurred by Plaintiff and members of the Plaintiff Class was compensable driving time under the Portal-to-Portal Act. However, Defendant only paid Plaintiff and members of the Plaintiff Class $.33 per mile rather than one of the regular hourly rates for either shop or construction work.

42.     The driving rate of $.33 per mile was substantially less than the federal minimum wage and Illinois minimum wage.

43. Furthermore, Plaintiff's drive time was not counted towards his overall weekly hour total and as a result, not considered as overtime hours worked. Plaintiff did not receive overtime compensation for any compensable driving time.

44. Additionally, Plaintiff did not get paid for certain work activities performed while driving long distances between construction sites.

45. Because the time system that tracked mileage was located inside the vehicle and required the vehicle to be running to record time and milage, work performed when the vehicle was off was not recorded or paid.

46. Plaintiff and other hourly workers were not paid for work activities performed while the vehicle was off, such as fueling, loading/unloading products and supplies, weigh-ins, and other tasks which required the vehicle to be off.

47. To the extent Defendant failed to incorporate valid working time spent traveling and other compensable travel time that occurred within the scope of Plaintiff's employment into his pay, Plaintiff is owed additional wages and overtime premiums pursuant to the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*.

48. Plaintiff and members of the Plaintiff Class should have been paid at an hourly rate equal to at least the applicable federal or state minimum wage for compensable drive time and other work-related driving activities performed on behalf of Defendant for its benefit.

49. Upon information and belief, Plaintiff understood that all of TFI's hourly employees were paid in the same or similar fashion as described above and were also denied wages, including overtime premiums, for off the clock work and hours spent driving, and did not receive all regular and overtime wages due to them as a result of Defendant's improper compensation structure.

50.     Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for all hours pursuant to the requirements of the federal and state law.

51.     The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

52.     The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendant and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-52.   Paragraphs 1 through 52 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 52 of this Count I.

53.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked, including compensable driving and traveling time, at a rate not less the federal minimum wage. Further,

Plaintiff and members of the Plaintiff Class are also entitled compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

54.     Defendant has at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-54.    Paragraphs 1 through 54 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 54 of Count II.

55.     Defendant's actions as complained above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and

guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

56.     Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less the federal minimum wage or one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-56.   Paragraphs 1 through 56 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 56 of Count III.

57.     In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

58.     The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-58.   Paragraphs 1 through 58 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 58 of this Count IV.

59.     As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

60.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 19, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/16/2022*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiff, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450